IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-76-FL

| | |
|---|---|
| JOSEPH WAYNE HARDISON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings (DE 23, 25). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed objections to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, grants defendant's motion for judgment on the pleadings, and denies plaintiff's motion for the same.

**BACKGROUND**

On December 30, 2010, plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of June 1, 2010. Plaintiff's claims were denied initially and upon reconsideration. On December 21, 2012, hearing was held before an administrative law judge ("ALJ"). On February 1, 2013, the ALJ entered order denying plaintiff's claims. Plaintiff appealed the ALJ's decision to the Appeals Council,

which, after receiving additional evidence and incorporating that evidence into the record, denied plaintiff's request for review on April 14, 2014. Plaintiff filed complaint in this court seeking administrative review of the Commissioner's decision on May 7, 2014.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do

not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 1, 2010, the date alleged disability onset. At step two, the ALJ found that plaintiff had the following severe impairments: cervical degenerative disc disease, minimal lumbar degenerative disc disease, a mood disorder, anxiety disorder, substance dependence, and hypertension. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in

3

combination, to meet or medically equal one of the Listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to certain limitations. These limitations included: a sit-stand option, allowing him to change position once every 30 minutes, only occasional reaching overhead with his right upper extremity; frequent stooping, crouching, kneeling, and crawling; simple, routine, repetitive tasks, only occasional interaction with coworkers, supervisors, and the public; and no complex decision making, constant change, or crisis situations. In making this assessment, the ALJ found plaintiff's statements about his own limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

B.   Analysis

Plaintiff lodges a number of objections to the M&R. Plaintiff contends the ALJ erred in concluding that he did not meet or medically equal Listing 1.04, 12.04, and 12.06. Next, plaintiff contends the Appeals Council erred in not ordering remand, given that opinion evidence, authored by plaintiff's treating physician and psychologist, Dr. Amy Shipley and Dr. Dennis Russo, undermined the ALJ's RFC assessment. Third, plaintiff argues the ALJ erred in failing to give a December 1, 2012, opinion, authored by Shipley controlling weight. Fourth, he contends the ALJ erred its assessment of plaintiff's RFC, where the ALJ rejected the Shipley and Russo's opinions and found plaintiff's testimony to be not entirely credible.

4

1. Listings

Plaintiff first argues the ALJ erred when it concluded he did not meet or medically equal Listing 1.04, 12.04, or 12.06. 20 C.F.R. pt. 404, subpt. P, app. 1 ("Listing") §§ 1.04, 12.04, 12.06. The regulations provide a "Listing of Impairments," organized by major body systems, that are deemed sufficiently severe to prevent a person from any gainful activity, regardless of age, education, or work experience. See 20 C.F.R. §§ 404.1525(a); 416.925(a). Each impairment is defined by medical signs, symptoms, or test results. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant's impairments meet or equal the medical criteria of a Listing, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d). The burden of proof is on the claimant to show that he meets all of the specified medical criteria. Sullivan, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Nevertheless, an impairment that does not meet the criteria of a Listing may still medically equal the criteria of a Listing. 20 C.F.R. §§ 1525(c)(5); 416.925(c)(5). This "equivalence" step cannot be met with a showing that the overall functional impact of an impairment is as severe as a listed impairment. Sullivan, 493 U.S. at 531. Rather, a claimant must present medical findings equal in severity and duration to all the criteria for a Listing. Id.; 20 C.F.R. §§ 404.1526(a); 416.926(a). Failure to address sufficiently a relevant Listing is ground for remand. Cook v. Heckler, 783 F.3d 1168 1172–73 (4th Cir. 2013).

a. Listing 1.04

Plaintiff first contends the ALJ erred in concluding he did not meet or medically equal Listing 1.04. Under that Listing, a claimant is "disabled" for purposes of the Social Security Act

5

upon a showing of a disorder of the spine, resulting in compromise of a nerve root or the spinal cord and exhibiting certain distinguishing characteristics. Listing § 1.04. Those characteristics are:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

Id.

The ALJ concluded "[t]he record does not show that [plaintiff] has a spinal disorder characterized by nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, as required by [Listing 1.04]." (Tr. 13). In further discussing the reasoning underlying its conclusion, the ALJ noted that, although a May 18, 2011, MRI noted plaintiff had some nerve root compression, subsequent to a July 2012, MRI, conducted after a December 2011, foraminotomy, evidenced "only mild degenerative changes and no nerve root compression, instability, or even degenerative disc disease." (Tr. 18). In objecting to the ALJ's conclusion, plaintiff acknowledges his December 2011, surgery, but contends that post-operatively he continued to be treated for severe back pain. (Pl.'s Obj., DE 34, 8–9). In particular, plaintiff highlights an April 12, 2012, MRI that indicated lumbar spondylosis, disc protrusion, and an annular tear. (Id. at 9). Plaintiff further notes his continued need for treatment before, and after, the July 2012, MRI confirming no nerve root compression.

6

The ALJ's conclusion that plaintiff did not meet Listing 1.04 is supported by substantial evidence. Notwithstanding plaintiff's continued need for treatment, the objective medical evidence indicates that following plaintiff's December 2011, surgery there was no evidence of nerve root compression. (Tr. 566 (noting "complete resolution of [plaintiff's] right-sided C6 radiculopathy"), 592). Moreover, there is no record evidence of arachnoiditis. Finally, although there is evidence of stenosis, (Tr. 346), there is substantial post-operative evidence of plaintiff's ability to ambulate effectively, precluding application of Listing 1.04C. (Tr. 713). Because the ALJ's conclusion is supported by substantial evidence, plaintiff's objection is overruled as to this point.

Plaintiff further contends that a letter submitted directly to the Appeals Council, authored by Shipley and dated March 27, 2013, which conflicts with the ALJ's conclusion as to Listing 1.04, undermines the substantial evidence supporting the ALJ's decision. Because the Appeal's Council specifically incorporated the new evidence into the record, the remaining task for the court is to "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc). As discussed above, substantial evidence of record supports the ALJ's decision. Therefore, remand is not required for further consideration by the ALJ of the March 27, 2013, letter.

   b.  Listing 12.04

Plaintiff next contends the ALJ erred in concluding that he did not meet or medically equal Listing 12.04. Specifically, plaintiff contends he exhibits at least two of the following: "marked restriction of activities of daily living," "marked difficulties in maintaining social functioning,"

7

"marked difficulties in maintaining concentration, persistence, or pace," and "repeated episodes of decompensation, each of extended duration." (Pl.'s Obj., 12); see also Listing § 12.04(B). Plaintiff also contends the ALJ failed to explain adequately its conclusion.

Listing 12.04 covers "affective disorders." Listing § 12.04. Specifically it covers affective disorders "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." Id. A "mood" is a "prolonged emotion that colors the whole psychic life . . . generally involv[ing] either depression or elation." Id. The listing itself is lengthy. For purposes of the instant analysis, plaintiff objects to the ALJ's conclusion he did not meet Listing 12.04(B), which provides that plaintiff must exhibit at least two of the following: 1) "[m]arked restriction of activities of daily living"; or, 2) "[m]arked difficulties in maintaining social functioning"; or, 3) "[m]arked difficulties in maintaining concentration, persistence, or pace"; or, 4) "[r]epeated episodes of decompensation, each of extended duration." Id. § 12.04(B).

Plaintiff first contends the ALJ failed to adequately explain the reasoning supporting its conclusion that plaintiff did not satisfy the 12.04(B) criteria. Without adequate explanation, the court cannot determine whether substantial evidence supports the ALJ's conclusion. In rendering its decision, the ALJ is obligated to discuss the relevant evidence in sufficient detail to enable meaningful judicial review. See Radford v. Colvin, 734 F.3d 228, 295 (4th Cir. 2013); Cook, 783 F.2d at 1173. The ALJ need not compartmentalize to a particular step in the disability analysis its discussion of the reasons for its decision as to the Listings, however. See Drotar v. Colvin, No. 7:13-CV-265, 2015 WL 965626, at *4 (E.D.N.C. Mar. 4, 2015). Rather, the ALJ's Listing determination may be more fully explained in conjunction with its RFC analysis, so long as the

8

entirety of that discussion leaves the reviewing court with sufficient analysis to conduct meaningful judicial review.

Plaintiff's objection targets primarily the ALJ's discussion contained under the Listings heading wherein he conclusorily states that plaintiff failed to satisfy the "paragraph B" criteria. (Tr. 13). Were that the extent of the ALJ's discussion, the court might be inclined to agree with plaintiff. However, a review of the ALJ's opinion demonstrates that it fully considered record evidence supporting its listing decision. For example, the ALJ notes that plaintiff denied depressive symptoms (Tr. 20), had multiple mental status exams with normal limits (Tr. 20), stopped taking anti-depressants after indicating it improved his mood (Tr. 17), opposed further prescription of anti-depressants, (Tr. 21), was not interested in learning coping skills, (Tr. 21), and was assessed a Global Assessment Functioning ("GAF") score of 55, which indicates only "moderate" psychological symptoms. (Tr. 22). Moreover, the ALJ's analysis provides that it adopted fully the opinion of a state medical examiner who opined that plaintiff failed to meet any of the 12.04(B) criteria. (Tr. 22). This discussion is more than sufficient to enable this court to conduct a meaningful review.

Upon consideration of the evidence cited by the ALJ, in conjunction with all the evidence of record, the court also concludes that the ALJ's decision was supported by substantial evidence. As noted, the ALJ adopted the findings of a state medical examiner, which concluded plaintiff did not meet any of the 12.04(B) criteria. (Tr. 130–33). This conclusion is consistent with plaintiff's assessed GAF Score of 55. (Tr. 321–23).

9

Plaintiff does not meaningfully dispute this fact, but instead attempts to marshal evidence showing that plaintiff had marked difficulty engaging in the activities of daily living and extended periods of decompensation. (Pl.'s Obj. 12). However, in support of his position, plaintiff cites only to his testimony and statements made by himself during the course of a doctor's visit. (Tr. 41, 765). The ALJ rejected plaintiff's testimony as not entirely credible, including plaintiff's suggestion that his ability to participate in the activities of daily life are markedly restricted. This conclusion is supported by substantial evidence.

The evidence shows that plaintiff played basketball, performed substantial yard work, and began working a few "odd jobs" during the period of alleged disability. (Tr. 439, 713, 772). Moreover, although plaintiff now attempts to present evidence of marked difficulty of maintaining social functioning or extended periods of decompensation, noting that plaintiff was "especially depressed as a result of his unmanagable pain and inability to do things that he had once enjoyed," the record again belies that contention. Although plaintiff contends he was unable to engage in things he once enjoyed, the record evidences that he had a GAF Score of 55, played basketball during his alleged depressive period and never required psychiatric hospitalization. (Tr. 321-23, 439, 733). In addition, the record shows plaintiff's depressive symptoms were controllable through medication. (Tr. 704, 713–15, 728). This fact supports the conclusion that plaintiff's depressive symptoms were not disabling. See Gross v. Heckler, 785 F.2d 1163, 1165–66 (4th Cir. 1986).

Plaintiff further attempts to persuade the court that Russo's opinion, contained in an undated letter, provides evidence sufficient to satisfy the other 12.04(B) factors. However, this letter, submitted for the first time to the Appeals Council, does not undermine the ALJ's RFC analysis.

10

Case 4:14-cv-00076-FL   Document 36   Filed 09/30/15   Page 10 of 16

(Tr. 781–82). The letter is undated, making it impossible to evaluate the length of the treating relationship, and precluding analysis of the letter as one submitted by a treating physician. See 20 C.F.R. §§ 404.1527(c), 416.927(c)(2) (noting treating source is one who is able to provide "a detailed, longitudinal picture" of the alleged disability). Moreover, although Russo provides a full description of plaintiff's alleged symptoms, it does not undermine the substantial evidence outlined above, or that outlined by the magistrate judge, which render its effect on the ALJ's analysis nugatory. (See M&R, DE 30, 13–18).

In sum, plaintiff's objection to the ALJ's analysis of Listing 12.04 must fail. The ALJ adequately explained its conclusion that plaintiff failed to meet Listing 12.04(B). Moreover, that conclusion is supported by substantial evidence. There is substantial evidence that plaintiff's symptoms did not have a "marked" effect on his daily life, including plaintiff's own statements and conduct, as well as his choice to stop taking an effective anti-depressant. Moreover, the ALJ's conclusion is in line with that of the state medical examiner who concluded that plaintiff's symptoms were, at worst, moderate. Finally, Russo's opinion, submitted for the first time at the Appeals Council level, does not alter the soundness of the ALJ's conclusion. Russo's treating relationship began less than one month before the ALJ's unfavorable decision and it is undated, thus leading to the conclusion that it does not provide a longitudinal view of plaintiff's illness, as is required for a treating source opinion. In addition, it conflicts with substantial evidence of record.

### 3. Listing 12.06

Plaintiff further contends the ALJ erred in concluding that he did not meet or medically equal the requirements of Listing 12.06. Plaintiff raises the same objections to the ALJ's conclusion, that

11

it failed to explain adequately the result and that the result is not supported by substantial evidence. To satisfy Listing 12.06, a claimant must satisfy the same requirements discussed above in conjunction with the court's analysis of the ALJ's opinion as to Listing 12.04(B). Compare Listing § 12.04(B), with Listing § 12.06(B). For all the reasons stated above, plaintiff's objection as to this point is overruled.

2. New Evidence from Treating Physicians

Plaintiff next argues that the Appeals Council erred in not remanding the case to the ALJ for further proceedings after he submitted to the Appeals Council new evidence from his treating psychologist and physician, Russo and Shipley.

For the reasons discussed above, it was not error for the Appeals Council to decline to remand based solely on plaintiff's submission of Russo's opinion. The opinion is undated, does not establish clearly a longitudinal treatment relationship, and further is undermined by substantial evidence of record.

The Appeals Council's decision as to Shipley's opinion fails for similar reasons. Shipley's March 27, 2013, letter simply reiterates restrictions recommended in a December 11, 2012, letter, issued on plaintiff's second visit with Shipley. (See Tr. 783). The letter is undated, and lacks contemporaneously submitted treatment records. (Tr. 783). Moreover, the letter was issued on March 27, 2013, after the ALJ's decision in this matter and addresses plaintiff's "current medical state." (Tr. 783). However, evidence submitted to the Appeals Council is entitled to consideration only where "it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Because this letter addresses plaintiff's "current medical state"

12

only, it was not entitled to consideration. Accordingly, plaintiff's objections as to the Appeals Council's procedure are overruled.

3. Failure to Accord Treating Physician's Opinion Controlling Weight

Plaintiff next objects to the ALJ's decision to give "little weight" a medical source opinion, authored by Shipley on December 11, 2012. Plaintiff argues that Shipley's December 2012, opinion was consistent with other medical evidence of record. Further plaintiff argues that Shipley's opinion is substantiated by her letter submitted to the Appeals Council and a new letter submitted for the first time with plaintiff's objections to the M&R.

The ALJ's decision to afford Shipely's 2012 opinion little weight is supported by substantial evidence. First, although plaintiff considers Shipley to be his "treating physician," the regulations make clear that a treating source is one who can provide a detailed longitudinal picture of the treating relationship. 20 C.F.R. §§ 404.1527(c)(2), 404.927(c)(2). The record demonstrates that Shipley issued her opinion after her second appointment with plaintiff. (Tr. 758–62). This brief treatment relationship hardly is sufficient to satisfy the regulatory objective of a detailed treatment relationship. Moreover, Shipley's opinion is inconsistent with other evidence of record and plaintiff's treatment history. Plaintiff had seen multiple health care providers over a span of years, complaining each time about the same issues presented to Shipley. (Tr. 753). As the ALJ noted (Tr. 19), and as the M&R expands upon (M&R, 22–26), Shipley prescribed plaintiff narcotic pain relievers, which numerous other physicians had declined to do. This further evidences a lack of longitudinal treatment relationship and conflict with the substantial evidence of record supporting the ALJ's opinion.

13

As to Shipley's March 27, 2013, opinion, for the reasons stated above, that opinion does not contradict or otherwise undermine the ALJ's conclusion. Finally, plaintiff submits for the first time with his objections a letter authored by Shipley dated May 14, 2014. (See DE 34-1). Plaintiff suggests this letter confirms Shipley's previous opinions and, at least, is sufficient to warrant a sentence six remand. See 42 U.S.C. § 405(g). It is not.

The Fourth Circuit has recognized that evidence submitted after an ALJ's unfavorable decision may be material to the disability determination if four factors are present: 1) the evidence is relevant to the determination of disability at the time the application was filed; 2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; 3) there must be good cause for plaintiff's failure to submit the evidence when his claim was before the Commissioner; and 4) plaintiff must make a general showing of the nature of the new evidence before the reviewing court. See Miller v. Barnhart, 64 F. App'x 858, 859–60 (4th Cir. 2003) (citing Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)).

Plaintiff's "new evidence" fails both the second and third elements. With regard to the "materiality" element, plaintiff propounds this opinion as confirmatory of Shipley's March 27, 2013, letter. Although the opinion does confirm the March 27, 2013, letter, as noted previously, there is nothing connecting that letter to plaintiff's alleged period of disability. With respect to the "good cause" element, plaintiff contends "good cause" exists because the opinion "had not yet been written as of the date of the last proceeding." Such a standard for "good cause" is too low. Plaintiff already has submitted evidence bearing on his alleged disability. (Tr. 783). In that letter, Shipley explicitly

14

focused on plaintiff's current condition. (Tr. 783). There is no reason to allow plaintiff to supplement the record with addition evidence bearing on that irrelevant time period. Accordingly, plaintiff's objection as to the ALJ's failure to afford Shipley's opinion controlling weight is overruled.

  4.  RFC evaluation.

Plaintiff objects to the ALJ's RFC determination on three grounds. First, plaintiff contends the ALJ erred in not giving Shipley's December 11, 2012, opinion controlling weight. Second, plaintiff contends the ALJ erred in not fully crediting his own testimony. Finally, plaintiff submits a letter from Russo, dated April 7, 2014, which he contends requires a sentence six remand. (See DE 34-2).

The court first addresses plaintiff's objections grounded in Shipley's opinion. For all the reasons discussed above, plaintiff's objection is overruled.

With respect to plaintiff's own testimony, he contends that the ALJ should have credited it fully. Plaintiff argues that there is strong evidence that supports his credibility. However, the question before the court is not whether the greater weight of evidence supports plaintiff's claim, but rather, whether there is substantial evidence to support the ALJ's decision to not fully credit plaintiff's testimony. Plaintiff testified to totally disabling back pain, depression, anxiety, memory loss, lack of concentration insomnia and fatigue. (Tr. 35–42). The ALJ noted the lack of objective evidence supporting plaintiff's allegations of back pain, and also noted specific instances during the relevant period that further undermined plaintiff's credibility. (See Tr. 439, 713, 772). Further, the ALJ noted that plaintiff stopped taking anti-depressants despite the fact they were working. (Tr.

15

704, 713–15, 728). There is substantial evidence in the record to further indicate that plaintiff's depressive symptoms, as well as his insomnia and anxiety, all reasonably could be controlled with medication. (Tr. 446–64). Moreover, plaintiff previously denied any disabling physical side-effects of his anxiety. (Tr. 451, 488). Because the ALJ's conclusion that plaintiff's testimony was not fully credible is supported by substantial evidence, plaintiff's objection is overruled.

Finally, Russo's letter does not warrant remand. First, upon review of the letter, it is not apparent that it addresses a time period relevant to the alleged period of disability, ending at the date of the ALJ's unfavorable decision. 20 C.F.R. § 404.970(b). In any event, the letter is not "material" under the Borders factors outlined above. See Miller, 64 F. App'x 859–60. Plaintiff suggests that this letter is confirmatory of Russo's prior undated opinion. However, even accepting plaintiff's characterization of the letter, as the court previously noted Russo's prior opinion, submitted to the for the first time to the Appeals Council, is inconsistent with substantial evidence of record. (See M&R 13–18) (discussing evidence).

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder thereof, the court ADOPTS the recommendation of the magistrate judge as its own. (DE 30). Defendant's motion for judgment on the pleadings is GRANTED, (DE 25), plaintiff's motion on the same is DENIED. (DE 23). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2015.

LOUISE W. FLANAGAN
United States District Judge